UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIEMENS INDUSTRY, INC., and<br>HDI GLOBAL INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br><br>v.<br><br>PAYNECREST ELECTRIC, INC., and<br>AMERISURE MUTUAL INSURANCE<br>COMPANY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  4:24-CV-01638-SPM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

This matter is before the Court on Defendants PayneCrest Electric, Inc., and Amerisure Mutual Insurance Company's Joint Motion to Dismiss, or in the Alternative, Motion to Stay Proceedings (ECF No. 12), and Plaintiffs Siemens Industry, Inc. and HDI Global Insurance Company's Cross-Motion for Partial Judgment on the Pleadings Against Defendant Amerisure Mutual Insurance Company (ECF No. 19).  The motions have been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c)(1). ECF No. 22. For the following reasons, both motions will be denied.

### I.    BACKGROUND

This is an action arising out of Amerisure Mutual Insurance Company's ("Amerisure's") refusal to defend and indemnify Siemens Industry Inc. ("Siemens"), Siemens employee Gabriel Espinosa ("Espinosa"), and Siemens customers CBRE, Inc., and CBRE Managed Services Ltd. (together, "CBRE") in connection with multiple personal injury actions filed in state court (the

1

"Underlying Actions"). Plaintiffs Siemens and HDI Global Insurance Company ("HDI") (an insurer currently providing a defense to Siemens, Espinosa, and CBRE under a reservation of rights) seek a declaration that Amerisure has a duty to defend and indemnify Siemens, Espinosa, and CBRE in the Underlying Actions because they are "additional insureds" under an insurance policy issued by Amerisure to Defendant PayneCrest Electric, Inc. ("PayneCrest"). Siemens also asserts breach of contract claims against Amerisure and PayneCrest, and HDI asserts an equitable subrogation and contribution claim against Amerisure.

In the instant motion, Defendants Amerisure and PayneCrest ask the Court to abstain from exercising jurisdiction over this matter and dismiss this suit in its entirety because of the presence of parallel state court proceedings—the Underlying Actions. In the alternative, Defendants ask the Court to stay the action until the state courts resolve the question of who is liable for the injuries alleged in the Underlying Actions. Plaintiffs oppose the motion. Plaintiffs also move for partial judgment on the pleadings on Siemens' claims that Amerisure has a duty to defend Siemens, Espinosa, and CBRE in the Underlying Action.

### A. The Underlying Actions

The Court begins with a brief discussion of the Underlying Actions and the events leading up to them. Siemens had a contract with CBRE Managed Services Ltd. (the "Master Services Agreement") under which Siemens was to perform work on electrical equipment at a jobsite. PayneCrest was a subcontractor who had a contract with Siemens (the "Master Subcontract" and a corresponding "Purchase Order") to perform work at the jobsite. On September 15, 2022, Siemens employee Gabriel Espinosa and PayneCrest employee Jason Lee were working at the jobsite when an electrical arc flash/explosion occurred that injured both of them.

Siemens employee Espinosa and his wife filed three state court actions related to this incident, two of which are currently pending: Cause No. DC-24-13622, in Dallas County District Court, Texas, and Cause No. 24SL-CC04361 in St. Louis County Circuit Court, Missouri (collectively, the "Espinosa 2 Actions").[1] ECF Nos. 1-7 & 1-8. The defendants in the Espinosa 2 actions are Siemens Corporation,[2] CBRE, Inc., PayneCrest, and Jason Lee. Espinosa alleges that the negligence and gross negligence of Lee and CBRE caused the situation that led to the arc flash that injured him.

PayneCrest employee Lee also filed an action related to the incident: Cause No. 23SL-CC02092, in St. Louis County Circuit Court, Missouri (the "Lee Action"). ECF No. 1-9. The defendants in the Lee Action are Siemens, CBRE Inc., CBRE Managed Services, Inc., Espinosa, and other defendants not relevant to the instant motions. Lee alleges that the negligence of Espinosa and the other defendants caused the arc flash that injured him.

In the Lee Action, Siemens filed a third-party complaint against PayneCrest (the "Lee Third-Party Complaint"). ECF No. 1-10. Siemens asserts two claims: (1) a claim of contractual defense and indemnification alleging that the Master Subcontract and Purchase Orders between Siemens and PayneCrest require PayneCrest to defend, indemnify, and hold harmless Siemens; and (2) a claim seeking a declaratory judgment finding that PayneCrest is obligated to defend Siemens, Espinosa, and Siemens customer CBRE, Inc., in the Lee Action. These third-party claims are based on two contractual provisions. The first is a provision in the Master Subcontract that requires PayneCrest to indemnify and defend Siemens, its customers, and agents, from liabilities arising from "any negligent or wrongful act or omission of [PayneCrest]" or its employees. *See*

---

[1] Another action, referred to in the Complaint as "Espinosa 1," was voluntarily dismissed.

[2] Plaintiff Siemens is a division of Siemens Corporation.

ECF No. 1-12, at p. 15 (Master Subcontract, Ex. C, Article 17.1). The second is a provision in the Purchase Order requiring PayneCrest to indemnify and Defend Siemens and its representatives from liabilities "arising or resulting from (a) [PayneCrest] or its Representative's negligence or willful misconduct, or (b) the Goods/Services furnished hereunder." *See* ECF No. 1-10, at p. 84 (Terms and Conditions of Purchase Order, ¶ 9(A)(i)). Siemens alleges that Lee's Petition alleges liabilities that arose from the goods and services he and PayneCrest provided at the jobsite. Siemens further alleges that Lee's claims arise from Lee's and PayneCrest's negligence. Specifically, Siemens alleges that Lee and PayneCrest breached their duty of care by, *inter alia*, failing to supervise work, creating an unsafe worksite, stating that the electrical equipment was de-energized, failing to lock-out/tag-out the electrical equipment, and failing to ensure a safe work area.[3]

**B. Plaintiffs' Claims in This Action**

Plaintiffs allege in this action that the Master Subcontract and Purchase Order between PayneCrest and Siemens, in addition to requiring PayneCrest to indemnify and defend Siemens and its employees and customers, required PayneCrest to obtain insurance naming Siemens and its employees and customers as additional insureds. *See* ECF No. 1-12, at pp. 17, 20 (Master Subcontract at Ex. C, Article 25.1, and Ex. D, Articles 1.5 & 2.3); ECF No. 1-13, at pp. 24-25 (Terms & Conditions of Purchase Order, Ex. E). Plaintiffs further allege that Amerisure issued a policy in PayneCrest's favor that provides such coverage (the "Amerisure Policy"). The Amerisure Policy provides, in relevant part, that any person or organization whom PayneCrest is required to add as an additional insured under a written contract related to its business is an "additional

---

[3] In the Petition filed in the Lee Action, Lee does not allege that Lee or PayneCrest were negligent. The allegations of Lee's and PayneCrest's negligence are made in Siemens Industry's Third-Party Complaint.

insured," but "[t]hat person or organization is an additional insured only with respect to liability caused, in whole or in part, by: . . . ongoing operations performed by [PayneCrest] or on [PayneCrest's] behalf." ECF No. 19-1, at p. 69 (Amerisure Policy, Contractor's Blanket Additional Insured Endorsement). Plaintiffs argue that the allegations in the Underlying Actions show potential liability caused, in whole or in part, by ongoing operations performed by PayneCrest or on its behalf.

Plaintiffs now seek a declaration that Amerisure is obligated to defend and indemnify Siemens, Espinosa, and CBRE in connection with the Underlying Actions. The Complaint also contains three additional claims. First, Siemens Industry asserts a claim of breach of contract against Amerisure based on Amerisure's failure to defend and indemnify Siemens Industry, Espinosa, and CBRE. Second, Siemens Industry asserts a claim of breach of contract against PayneCrest, alleging that in the event that it is determined that PayneCrest failed to purchase the required insurance for the protection of Siemens Industry, Espinosa, and CBRE, PayneCrest breached its obligations under the Master Subcontract and Purchase Order. Third, HDI asserts a claim of equitable subrogation for past, present, and future defense and indemnity costs against Amerisure.

Defendants now move to dismiss this action, or in the alternative to stay this action, pursuant to *Wilton v. Seven Falls Co.*, in which the Supreme Court held that a district court has the discretion to stay an action for declaratory relief "where parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court." 515 U.S. 277, 290 (1995).

## II.    DISCUSSION

### A.  Motion to Dismiss or Stay

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states, *see* Compl., ECF No. 1, at ¶¶ 6-9, and the amount in controversy exceeds $75,000. "Generally, a federal district court must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so.*" Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16-19 (1983)). "This general rule, however, yields to practical considerations and substantial discretion when the federal complaint seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a)." *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967 (8th Cir. 2013) (citing *Wilton*, 515 U.S. at 282). The Supreme Court in *Wilton* emphasized that the Declaratory Judgment Act is properly characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

The scope of the district court's discretion to abstain from exercising jurisdiction or to enter a stay under the Declaratory Judgment Act depends on whether a "parallel" action involving questions of state law is pending in state court. *Lexington Ins. Co.*, 721 F.3d at 967 (citing *Scottsdale*, 426 F.3d at 999). Where a parallel state court action is pending, a district court enjoys broad discretion, guided by considerations of judicial economy, considerations of practicality and wise judicial administration, and attention to avoiding gratuitous interference with state proceedings. *Id.* at 967-98. On the other hand, where no such parallel state action is pending, the discretion to abstain or grant a stay is "less broad" and requires the court to apply a six-factor text

the Eighth Circuit has adopted. *Id.* at 968. The Court therefore begins with the threshold issue of whether there is a parallel action proceeding in state court.

### 1.  The Underlying Actions Are Not Parallel to This Action

"Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Scottsdale Ins. Co.*, 426 F.3d at 997 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). "[S]tate proceedings are parallel if they involve the same parties or if the same parties may be subject to the state action and if the state action is likely to fully and 'satisfactorily' resolve the dispute or the uncertainty at the heart of the federal declaratory judgment action." *Lexington*, 721 F.3d at 968 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)).

The Court finds that the Underlying Actions are not parallel to this action. The principal issue to be resolved in this declaratory judgment action is whether Siemens, Espinosa, and CBRE are entitled to defense and indemnification *from Amerisure under the terms of the Amerisure Policy*. That issue has not been raised in any of the Underlying Actions and will not be decided in those actions. Indeed, Defendant Amerisure is not a party to any of the Underlying Actions. Although there is certainly overlap between the facts relevant to the question of whether Siemens, Espinosa, and CBRE are additional insureds under the Amerisure Policy and the facts that will be decided in the Underlying Actions (as discussed in more detail below), such factual overlap does not establish that the actions involve substantially the same parties litigating substantially the same issues. The Court's research suggests that where an insurance coverage issue has been raised in the federal declaratory judgment action but not in the state court, the actions are not parallel, even where there is some factual overlap between the actions. *See Scottsdale*, 426 F.3d at 997 (finding suits did not involve substantially the same parties or substantially the same issues, and thus were

7

not parallel, where the insurer who filed the federal declaratory judgment action was not a party to the state court suits, where the federal action involved matters of insurance coverage, and where the state court actions involved issues regarding a company's liability related to an explosion; noting that although "the issues in each proceeding may depend on some of the same facts, that circumstance does not compel a conclusion that the suits are parallel, for the state court proceedings involve parties, arguments, and issues different from those in the federal court proceedings"); *Golden Bear Ins. Co. v. Levee Bar & Grill, LLC*, No. 4:24-CV-00764-DGK, 2025 WL 1415778 (W.D. Mo. May 15, 2025) (finding no parallel proceedings where the insurance company that filed the federal declaratory judgment action was not a party to the state court action, where there were "issues in the federal forum that will not be addressed in the state forum," and where the federal action would not determine the cause of the injuries but would instead determine, "based on the claims pled in state court, whether [the insurer] has a duty to defend and indemnify under the Policy"); *Great Am. All. Ins. Co. v. Windermere Baptist Conf. Ctr., Inc.*, No. 2:16-CV-04046-NKL, 2016 WL 3926485, at *1 (W.D. Mo. July 18, 2016) (finding a federal declaratory judgment action in which insurer asked the court to determine the duty to defend and indemnify was not parallel to state court action where "[the insurer] is not a party to the liability suit," "the coverage issues raised by [the insurer] in this lawsuit are not pending before the [state] court in any form," and "[w]hile th[e] determination [on the duty to defend and indemnify] may necessitate a few factual inquiries similar to those being made in the [state] liability action, the fact that there may exist a few overlapping factual issues does not make this a parallel action."). Here, as in these cases, Amerisure is not a party in the state court actions, the state court actions will not demand interpretation of the Amerisure Policy, and there are issues in the federal case that will not be raised in the state forum.

In contrast, in the cases cited by Defendants in which courts found state court proceedings *were* parallel to federal declaratory judgment actions concerning insurance coverage, the insurer was a party to the state court proceedings and the insurance policy was at issue in the state court action. *See Harco Nat'l Ins. Co. v. JF Enterprises*, 4:22-00307-CV-RK, 2022 WL 19263359, at *4 (W.D. Mo. Oct. 7, 2022) (finding suits were parallel where insurer who filed declaratory judgment action was also a party in the state court equitable garnishment action and both cases involved a determination of whether the insurance policy covered certain claims); *Cincinnati Specialty Underwriters Ins. Co. v. Richards*, 5:22-CV-06010-RK, 2022 WL 4182265 at *1, *5 (W.D. Mo. Sept. 13, 2022) (finding suits were parallel where insurer who filed declaratory judgment action was also a party in the state court equitable garnishment and declaratory judgment action and the actions addressed the same insurance coverage issue); *Nationwide Ins. Co. of Am. v. Naunheim*, No. 4:21-CV-00899-JCH, 2021 WL 5630388, at *1 (E.D. Mo. Dec. 1, 2021) (finding suits were parallel where the insurer was a party to both the state court lawsuit and federal court declaratory judgment action and both actions involved "the same issues regarding the same insurance policy"); *Hanover Ins. Co. v. Floyd R. Brown, Jr., & Co.*, 4:19-00171-CV-RK, 2019 WL 13204216, at *3 (W.D. Mo. 2019) (finding suits were parallel where the insurer who filed the federal declaratory judgment action was a party to a garnishment action filed in state court; noting that the federal declaratory judgment claims "concern the same insurance policy and the same arguments as the garnishment action now in state court").

For the above reasons, the Court finds the Underlying Actions are not parallel to the instant action.

*2.   A Stay Is Not Warranted Under the Scottsdale Factors at This Time*

Because there is no parallel state court suit pending, the Court must determine whether a dismissal or stay is warranted under the six-factor test set forth in *Scottsdale*. That test requires the Court to consider the following factors:

(1)    whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue;

(2)    whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding;

(3)    the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts;

(4)    whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;

(5)    whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and

(6)    whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Scottsdale*, 426 F.3d at 998 (citation modified).

The first and second factors weigh against a stay or dismissal. The declaratory judgment Plaintiffs seek would clearly be useful in clarifying whether, and to what extent, Amerisure has a duty to defend and indemnify Siemens, Espinosa, and CBRE in the Underlying Actions. This would afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding. *See id.* at 999 (finding first and second factors weighed in favor of deciding the declaratory judgment action under similar circumstances).

The third factor—the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts—also weighs against a stay or dismissal because neither party has identified any particular state interest in having the issues raised in this

action decided in state court. *See Scottsdale*, 426 F.3d at 999 (finding the third factor supported the conclusion that the district court should not have dismissed a declaratory judgment action concerning the duty to defend and indemnify where "the record does not identify any particular state interest in having the issues raised in the federal declaratory judgment action decided in state court"). *See also State Auto. Mut. Ins. Co. v. Eureka Springs City Advert. & Promotional Comm.*, No. 3:23-CV-3026, 2024 WL 1756350, at *5 (W.D. Ark. Feb. 20, 2024) (noting, in discussing the third factor, that "federal courts are frequently called upon to 'resolve routine' insurance disputes under state law, and Arkansas courts do not have a particular interest in hearing such interpretation issues").

The fourth factor—whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending—also weighs against a stay or dismissal. The issue of Amerisure's duty to defend and indemnify Siemens, Espinosa, and CBRE under the Amerisure Policy has not been raised in the Underlying Actions. Indeed, Amerisure is not a party to any of the Underlying Actions. Under similar circumstances, courts have found this factor weighs against a stay. *See Midwest Fam. Mut. Ins. Co. v. Justkyle, Inc.*, No. CV 17-1632 (JRT/BRT), 2018 WL 1512294, at *3 (D. Minn. Jan. 30, 2018) ("[U]nder the fourth factor, the issues cannot be resolved more efficiently in state court because the coverage issue between Defendants and [the insurer] is not being litigated in state court."); *Chicago Ins. Co. v. Diocese of Kansas City-St. Joseph*, No. 4:13-CV-00678-DGK, 2014 WL 556358, at *3 (W.D. Mo. Feb. 13, 2014) (finding the fourth factor weighed against a stay or dismissal and stating, "if anything, a Missouri state court is at a disadvantage in resolving the issue of [the insurer's] obligations, because [the insurer] is not a party to the pending state court lawsuits, and so any decision a state

court makes concerning coverage issues in the pending cases would be made without the benefit of hearing argument from [the insurer]").

The analysis of the fifth factor, which focuses on the presence of overlapping issues of fact or law, is more complicated. How this factor is weighed depends on whether the Court is considering Plaintiffs' claims that Amerisure has a duty to defend or Plaintiffs' claims that Amerisure has a duty to indemnify. Under Missouri law, "[a]n insurer owes two distinct duties to its insured: a duty to indemnify and a duty to defend." *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 552 (Mo. 2014). The duty to defend is "broader than its duty to indemnify" and arises "when there is a potential or possible liability to pay based on the facts at the outset of the case." *Id.* (quotation marks omitted). "In determining whether an insurer has a duty to defend, the Court first compares the policy language with the allegations in the petition from the underlying lawsuit. If the underlying petition alleges facts that give rise to a claim potentially covered by the policy, the insurer has a duty to defend." *Id.* In contrast, "[t]he duty to indemnify turns on whether the claim is *actually* covered by the Policy." *Am. Econ. Ins. Co. v. Jackson*, 476 F.3d 620, 624 (8th Cir. 2007) (emphasis in original) (citing *McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 173 (Mo. 1999)). To determine whether an insurer is obligated to indemnify its insured, courts must look to "the facts as they are established at trial or as they are finally determined by some other means, for example through summary judgment or settlement." *McCormack Baron Mgmt. Servs., Inc.*, 989 S.W.2d at 173.

Plaintiff's claims that Amerisure has a duty to *indemnify* Siemens, Espinosa, and CBRE hinge on facts that are the same, or similar to, those being determined in the Underlying Actions. The question of whether Siemens and its customers and employees are "additional insureds" under the Policy with respect to the Underlying Actions depends on whether the claims in the Underlying

12

Actions give rise to liability "caused, in whole or in part, by ongoing operations performed by [PayneCrest] or on [PayneCrest's] behalf." The duty to indemnify arises only if the claims in the Underlying Actions are *actually* covered by the Policy—that is, if the claims in the Underlying Actions actually give rise to liability caused, in whole or in part, by ongoing operations performed by PayneCrest or on PayneCrest's behalf. The facts relevant to that determination overlap significantly with a key issue that will be determined in the Underlying Actions—who was at fault for Lee's and Espinosa's injuries. As Defendants argue, if the two sets of actions proceed at the same time, there is some risk of inconsistent rulings in this action and in the Underlying Action related to whether PayneCrest and/or Lee caused the injuries at issue. With respect to these claims, the fifth factor weighs strongly in favor of a stay.

On the other hand, Plaintiff's claims that Amerisure has a duty to *defend* Siemens, Espinosa, and CBRE, do not depend on facts that are being resolved in the Underlying Actions. The duty to defend arises when "there is a potential or possible liability to pay based on the facts at the outset of the case." *See Alle*n, 436 S.W.3d at 552. The Court can resolve the duty to defend question by examining the facts as alleged in the Underlying Actions, without resolving ultimate question of whether PayneCrest and/or Lee actually caused the injuries at issue. With respect to these claims, the fifth factor weighs against a stay.

The Court is unpersuaded by Amerisure's suggestion that the above-cited black letter law governing the duty to defend does not apply to Siemens, Espinosa, and CBRE because they are putative additional insureds and not named insureds. This argument is not supported by authority. The Court is also unpersuaded, at least for purposes of the instant motion, by Amerisure's argument that Siemens may not rely on its own "self-serving allegations" and the allegations of its agent/employee to try to trigger Amerisure's duty to defend. That argument is supported only by

citations to Illinois law (which does not apply here); as Amerisure acknowledges, other jurisdictions take a different approach. Moreover, to the extent that Amerisure wants to make an argument about which facts the Court may consider in assessing the duty to defend, that argument is more appropriately made in this case (in which Amerisure's duty to defend is at issue) than in the Underlying Actions (in which it is not). Finally, the Court is unpersuaded by Amerisure's argument that it will suffer irreparable harm if forced to provide a defense that is ultimately found not to be owed. Because the duty to defend is broader than the duty to indemnify and is triggered by *potential* liability rather than actual liability, it appears that Missouri law contemplates some situations in which an insurer will expend defense costs even where there was no actual liability covered by the policy.

The sixth factor is neutral. The record does not suggest that Plaintiffs are engaged in any improper maneuvering, procedural fencing, or race to res judicata. Instead, it appears that they reasonably sought a declaratory judgment in federal court to clarify Amerisure's duties. *See Floyd R. Brown, Jr. & Co.*, 2019 WL 13204216, at *4 ("The sixth factor holds neutral weight as the record before the Court does not provide any indication that Hanover has engaged in any type of improper maneuvering."); *Eureka Springs City Advert. & Promotional Comm.*, 2024 WL 1756350, at *6 (finding the sixth factor was neutral where there was no evidence that the plaintiff was "attempting to use procedural fencing or a race to res judicata to its advantage" and the plaintiff was, instead, "reasonably seeking declaratory judgment of its duty to indemnify in a slow-moving and muddled state case").

In sum, the Court finds that most of the factors weigh against a dismissal or stay of this case. Although the fifth factor weighs in favor of a stay with respect to the duty to indemnify, the Court finds no reason to delay the determination of Amerisure's duty to defend until the resolution

14

of the Underlying Actions. The other factors also do not favor a dismissal or stay. The Court will therefore deny the motion to dismiss or stay. As other courts have noted, this ruling does not preclude the Court from revisiting the question of a partial stay of some aspects of this case at some point in the future.[4] *See Windermere Baptist Conf. Ctr., Inc.*, 2016 WL 3926485, at *3 (denying motion to stay declaratory judgment action involving both duty to defend and duty to indemnify claims but noting that "[i]f there comes a time when the Court determines that it cannot proceed in this case due to the potential for inconsistency with the liability action, the case may be stayed at that point")*; California Cas. Gen. Ins. Co. of Oregon v. Nelson*, No. 13-0773-CV-W-ODS, 2013 WL 6410637, at *3-*4 (W.D. Mo. Dec. 9, 2013) (denying motion to dismiss or stay declaratory judgment action involving claims of duty to defend and indemnify; finding that nothing decided in the state suit would impact the analysis of the duty to defend and that there was no reason to delay the plaintiff's request for a determination of its legal obligations; noting that the duty to indemnify presented a "slightly different matter" but finding that a stay of proceedings regarding indemnification was not warranted "at this time"); *Liberty Mut. Ins. Co. v. Pella Corp.*, No. 4:07-CV-00508-JEG, 2008 WL 11336197, at *6 (S.D. Iowa Nov. 17, 2008) (denying a motion to stay but stating, "Denying Pella's motion at this time does not foreclose the Court's ability to later abstain from making certain factual determinations that are also at issue in the Underlying Lawsuits and, if it becomes necessary, staying the issue of Liberty Mutual's indemnity obligations pending the outcome of the putative class action lawsuits.").

---

[4] No party has requested a partial stay, nor has any party briefed the question of whether some of the claims in this case should be stayed (and if so, which ones). If any party wishes to seek a partial stay in the future, the party should make clear which of the nine claims asserted in this case they believe should be stayed and which should not.

B.      **Motion for Partial Judgment on the Pleadings**

In Plaintiffs' opposition to Defendants' motion to dismiss or stay, Plaintiffs also request a motion for partial judgment on the pleadings on the question of Amerisure's duty to defend. Amerisure argues that the timing of this motion is contrary to the Federal Rules of Civil Procedure. The Court agrees.

Under Federal Rule of Civil Procedure 12(c), "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R Civ. P. 12(c). "Under Rule 12(c), the pleadings are closed once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim has been made." *Warren v. Metro Transit*, No. 4:20-CV-00781 SRC, 2021 WL 124312, at *1 (E.D. Mo. Jan. 13, 2021) (citing *Spagna v. Tiff*, No. 8:19-CV-481, 2020 WL 7075523, at *2 (D. Neb. Dec. 3, 2020)) (citations and quotations omitted); *See also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. May 2025 Update) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which event the filing of an answer to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings.").

Here, Defendants have not had the opportunity to file an answer or any counterclaims or cross-claims, so the pleadings are not closed. Accordingly, the motion for judgment on the pleadings is premature and will be denied without prejudice. *See Evans v. Orthopedic Assocs., LLC*, No. 4:18-CV-01978-AGF, 2019 WL 3890773, at *2 (E.D. Mo. Aug. 19, 2019) ("Since no answer has been filed in this case, no Rule 12(c) motion can be decided.").

## III.    CONCLUSION

For all of the above reasons, the Court finds that a dismissal or stay is not warranted and that Plaintiff is not entitled to partial judgment on the pleadings at this time. Accordingly,

**IT IS HEREBY ORDERED** that Defendants PayneCrest Electric, Inc and Amerisure Mutual Insurance Company's Joint Motion to Dismiss, or in the Alternative, Motion to Stay Proceedings (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs Siemens Industry, Inc. and HDI Global Insurance Company's Cross-Motion for Partial Judgment on the Pleadings Against Defendant Amerisure Mutual Insurance Company (ECF No. 19) is **DENIED** without prejudice.

The Court will enter a separate order setting this case for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. Counsel should be prepared to discuss at the conference their positions on whether a partial stay of some of the claims in this case (other than those related to the duty to defend) is warranted.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2025.